IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MISHAEN HALL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. |
| | ) |
| PROFESSIONAL SECURITY | ) JURY TRIAL DEMANDED |
| CONSULTANTS (CA), | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT FOR DAMAGES**

COMES NOW, Plaintiff Mishaen Hall ("Plaintiff"), and files this lawsuit against Defendant Professional Security Consultants (CA) ("Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, attorney's fees and costs for Defendant's retaliation against Plaintiff for engaging in

statutorily protected activity in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA").

## II.     Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant is a foreign entity that does business and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

## III.    Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant from approximately June 18, 2021, until August 27, 2021.

7.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

8.

Plaintiff was employed by Defendant as a security guard and her primary job duty was manual labor, specifically tasks involved in providing security guard services for Defendant's customers.

9.

Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours worked over (40) in such weeks.

10.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

11.

During Plaintiff's employment with Defendant, Defendant permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

12.

Plaintiff was paid a salary of $35,568 annually.

13.

In July and August 2021, Plaintiff complained to her managers, Justin Richards and Darryl Sampson ("Sampson"), about her paychecks being short during weeks in which she had worked well in excess of 40 hours. In particular, Plaintiff made complaints regarding her concern that her pay was being docked for missing less than half day-time periods of work, i.e. amounts of time that Defendant could not dock from Plaintiff's pay for purposes of meeting the salary requirements of the administrative and executive exemptions to overtime compensation. In an exchange with Sampson shortly before Plaintiff's termination, Sampson told Plaintiff that if she left her shift before it ended that Defendant would dock her pay, which would have violated the salary requirements of the administrative and executive exemptions to overtime compensation. Plaintiff challenged this threat reminding Sampson that she was working over 40 hours per week.

14.

On August 27, 2021, Defendant terminated Plaintiff's employment.

15.

Any reason given for Plaintiff's termination is pretext for unlawful retaliation in response to her protected activity.

16.

Plaintiff has suffered damages, including lost wages and emotional distress as a result of Defendant's retaliatory action, for which she is entitled to recover.

17.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Paracorp Incorporated 279 W. Grogan St. Lawrenceville, GA 30046.

## Count I

### Violation of 29 U.S.C. § 215(a)(3)
**(FLSA Retaliation)**

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Plaintiff engaged in protected activity by complaining about pay deductions that she objectively and subjectively reasonably believed constituted violations of the FLSA. Plaintiff therefore engaged in protected activity under the FLSA.

20.

Defendant responded to Plaintiff's protected activity by terminating her employment.

21.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA] or has testified or about to testify in any such proceeding or has served or is about to serve on an industry committee.

22.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

23.

Defendant was prohibited from retaliating against Plaintiff because she engaged in activity protected under the FLSA.

24.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

25.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

26.

Defendant's violations of the FLSA were willful and in bad faith.

27.

Plaintiff's statutorily protected activity was the determinative factor in Defendant's decision to terminate his employment.

28.

As a direct and proximate result of the retaliation, Plaintiff has sustained damages, including lost wages and emotional distress, for which she is entitled to recover from Defendant.

29.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment against Defendant and awarding Plaintiff lost wages and liquidated damages pursuant to the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D)   Attorneys' fees, costs, and prejudgment interest;

(E)   Reinstatement, or front pay in lieu thereof;

(F)   Grant Plaintiff leave to add additional state law claims if necessary; and

(G)   Award Plaintiff such further and additional relief as may be just and appropriate.

This 25th day of April, 2022.

**BARRETT & FARAHANY**

<u>/s/ V. Severin Roberts</u>
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353
T: (404) 214-0120
F: (404) 214-0125